**In the Interest of J. J., a minor.**

No. 37177.

Missouri Court of Appeals,
St. Louis District,
Division One.

June 7, 1977.

**737**

Doris Gregory Black, St. Louis, for minor-appellant.

Richard O. Moore, Legal Officer, Thomas R. McGinn, Director of Legal Services, David B. Agnew, Chief Trial Officer, St. Louis, for respondent.

DOWD, Judge.

J. J. appeals from the order of the Juvenile Division of the Circuit Court, adjudicating appellant to be a juvenile within the provisions of Section 211.031(1)(c) and (d) RSMo 1969 and ordering appellant committed to the Division of Youth Services for a recommended confinement at the Booneville or Poplar Bluff facility for at least 2 years. On appeal, appellant argues: (1) that the trial court erred in admitting into evidence, pursuant to stipulation, a report summarizing the juvenile authority's legal investigation without first determining whether the stipulation was voluntarily, knowingly, and intelligently made; (2) that the trial court erred in finding appellant to

be a juvenile within the provisions of Section 211.031(1)(c) and (d); and (3) that the trial court erred in accepting appellant's stipulation to admit the legal, investigatory report and delinquency petition prior to admonishing appellant that he could be committed to a facility until he was 21 years of age.

The facts are as follows: In 1974, J. J. was found to be within the provisions of Section 211.031 and was committed to the custody of the Division of Children's Services, Missouri Hills. Following an incident which allegedly occurred during J. J.'s commitment, juvenile authorities filed a petition to certify J. J. for trial as an adult upon charges of assault with the intent to rape, § 559.190 RSMo 1969, and first degree robbery,. § 560.120 RSMo 1969. These charges were based on the alleged attempted rape and robbery of a psychiatrist while confined at Malcolm Bliss Hospital in St. Louis.

A hearing was held upon this certification petition which J. J. and his mother attended. Attorneys for J. J. and the Juvenile Division stipulated that various reports would be admitted into evidence, including a Legal Investigation prepared by Mr. Ledgerwood summarizing his investigation and the statements of the alleged victim.[1]

Appellant introduced the results of a private psychiatric examination by stipulation and requested a continuance in order to place J. J. in a private mental health facility in Denver, Colorado.

Upon the recommendation of the Juvenile Division, the court dismissed the certification petition and sustained a motion to modify the terms of the original commitment order. Evidence introduced in the matter of the certification petition was made a part of the record pertaining to the motion to modify, and the court found that

---

1. The Juvenile Division's Social Investigation prepared in connection with the certification petition, the Diagnostic and Treatment Center (psychological) report, and a prior Social Investigation were also introduced into evidence by stipulation.

the facts stipulated constituted assault with the intent to ravish and robbery in the first degree. Temporary custody of J. J. was placed in St. Mary's Hospital psychiatric ward until J. J. could be placed in the Denver mental health facility.

When J. J.'s mother was unable to obtain J. J.'s admission to the Denver hospital, the Juvenile Division again moved to modify the terms of commitment. After another hearing, the court sustained the motion and committed J. J. to the Division of Mental Health for 90 days for psychiatric evaluation, during which time, J. J.'s mother would attempt to place J. J. in a private facility in South Dakota.

At the conclusion of the 90 day evaluation, another hearing was held. J. J.'s mother had been unable to place J. J. in the South Dakota facility. The court committed J. J. for a minimum of 24 months to the Division of Youth Services, recommended placement at the Booneville or Poplar Bluff facility.

Appellant's first point is the trial court erred in accepting the Legal Investigation into evidence upon stipulation without first determining whether the stipulation was made voluntarily, knowingly, and intelligently. Appellant contends the stipulation was analogous to a guilty plea and waived appellant's constitutional right to have guilt proved beyond a reasonable doubt, right to confront accusers, and right against self incrimination.

■ Appellant's contention that the stipulation to admit the Legal Investigation into evidence was akin to a guilty plea misses the mark. The Legal Investigation was not admitted for the purpose of adjudication of delinquency but for the purpose of disposition of custody. The questions of culpability and disposition are two separate issues. *See In re G.*, 455 S.W.2d 3 (Mo.App. 1970). Appellant had previously been adjudicated a juvenile delinquent and custody

placed in the Division of Children's Services, Missouri Hills. No appeal was taken from these proceedings. The Legal Investigation was admitted at the hearing on the motion to modify custody due to a change in circumstances.[2] The Legal Investigation was admitted, like a presentence investigation, to help the juvenile court determine what kind of disposition was best suited to appellant's situation, the prior disposition having been proved less than satisfactory.

We find nothing in the record to indicate that appellant was not afforded due process in these proceedings. It is apparent that the juvenile court attempted to give appellant the opportunity to arrange private care. Only after appellant's attempts failed did the juvenile court place custody in the Division of Youth Services, Booneville or Poplar Bluff facilities. The juvenile court did not err in accepting the stipulation to admit the Legal Investigation.

■ Appellant's second point is the trial court erred in finding appellant to be a juvenile delinquent within the provisions of Section 211.031(1)(c) and (d) beyond a reasonable doubt. Appellant contends that the trial court's finding was based upon the facts summarized in the Legal Investigation. Once again, we point out that the finding of delinquency was not made at the hearing at which the Legal Investigation was admitted. The Legal Investigation was properly admitted into evidence and provides sufficient evidence to sustain the trial court's finding upon the dispositional issue.

Appellant's third point is the trial court erred in accepting appellant's stipulation to admit the Legal Investigation without warning appellant he could be committed until the age of 21. Appellant's point is based upon the argument that the stipulation was equivalent to a guilty plea. We reject such a contention. Appellant did not plead guilty.

2. The juvenile court retains jurisdiction to modify the dispositional order pertaining to a juvenile adjudicated to be within the purview of

Section 211.031, *supra.* § 211.251 RSMo 1969; *State ex rel. McCarty v. Kimberlin*, 508 S.W.2d 196 (Mo.App.1974).

We have found no error and affirm the judgment of the trial court.

CLEMENS, P. J., and SMITH, J., concur.